USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2196 RICHARD WAYNE GARGANTA, Plaintiff, Appellant, v. UNION CENTRAL LIFE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Richard Wayne Garganta on brief pro se. ______________________ David P. Whitman and Hanson, Curran, Parks & Whitman on brief for ________________ _______________________________ appellee. ____________________ July 14, 1997 ____________________ Per Curiam. Plaintiff-appellant brought this ___________ diversity action against his private insurer alleging breach of contract in the denial of a claim for disability insurance benefits. The insurer maintained that plaintiff was not "totally disabled" within the meaning of the policy. On the morning of the trial, the district court granted a defense motion in limine to exclude from evidence a Social Security __ ______ Administration record and finding that for a period of time plaintiff was under a "disability" as defined in the Social Security Act. A motion by plaintiff for a two-week continuance to seek additional medical testimony was denied. Although plaintiff's counsel reported a readiness to proceed to trial with other medical and lay witnesses, plaintiff then discharged his counsel and refused to put his case to the jury. Final judgment was entered for the insurer.  Having reviewed the abbreviated record and briefs with care, we see no abuse of the district court's considerable discretion to weigh the probative value of the social security evidence and determine its admissibility in light of competing factors. See Fed. R. Evid. 403. Given ___ the circumstances, carefully weighed and articulated by the court, there also was no abuse in the denial of a continuance.  As to each of plaintiff's multiple assignments of error in the pretrial proceedings, we apprehend no -2- prejudicial effect on the outcome of the case, and see no reason to suppose that he was entitled to summary judgment as a matter of law. Affirmed. See Loc. R. 27.1. ________ ___ -3-